UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA     PLAINTIFF

vs.     CIVIL NO. 4:25-CV-139-DMB-JMV

$533,969.81, MORE OR LESS,
IN U.S. CURRENCY     DEFENDANT

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

Comes now the United States of America, Plaintiff in the above-styled cause, by and through its undersigned United States Attorney for the Northern District of Mississippi, and brings this Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### Nature of the Action

1. This is an action to forfeit and condemn property to the United States pursuant to 21 U.S.C. §881 for violation(s) of 21 U.S.C. § 841, et seq.

### The Defendant in Rem

2. The Defendant property consists of the following: $533,969.81 in U.S. Currency. The Defendant property was seized during the execution of a search warrant at Southern Bancorp Bank in Drew, Sunflower County, Mississippi. The Defendant property is presently in the custody of the Mississippi Bureau of Narcotics in a seized asset account and will come under the jurisdiction of this Court upon the execution of an Arrest Warrant In Rem.

### Jurisdiction and Venue

3. This Court has jurisdiction over an action commenced by the United States under 28

U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. §881.

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Moreover, the Court will have control over the property pursuant to the service of an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. §1395 because the property was located in this district.

## Basis for Forfeiture

6. The Defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes one or more of the following: (1) money, negotiable instruments, securities or other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money, negotiable instruments, and/or securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

## Facts

7. On July 29, 2025, agents of the Mississippi Bureau of Narcotics (MBN) observed a Piper Comanche fixed wing single engine airplane (Model PA-24-180, Tail #N7205P) land, taxi, and park at the M37 Ruleville-Drew airport. Once the plane was parked with its engine off, agents observed a red Jeep Laredo (Tag SEI538, registered to Mark Bailey) pull in and back up to the plane in a manner that suggested the pilot and vehicle driver intended to unload something

2

from the plane into the vehicle.

8. MBN agents contacted the driver of the vehicle and identified him as Mark Bailey ("Bailey"). Agents also contacted the pilot and identified him as William Paul Claren ("Claren"). Claren gave agents consent (verbal and written) to search the plane. During the search of the plane, agents discovered approximately 200 pounds of marijuana contained within large blue zippered duffle bags. Claren advised agents that the purpose of his trip was to deliver the marijuana to Bailey and that on past occasions he assisted in unloading marijuana at Bailey's house.

9. Agents obtained a search warrant for Bailey's home located at 4317 Highway 49 Drew, Sunflower County, Mississippi. During the search of the residence, agents discovered large blue zippered duffle bags that appeared to be of the same type as those used to store the marijuana in the plane. Agents also located and accessed a safe inside the residence. Agents discovered the firearms named within this Complaint. Agents also discovered the $295,495.00 named in this Complaint along with bulk marijuana (approximately 46 pounds) inside of the safe. Both the currency and marijuana were contained within vacuum sealed bags inside of the safe.

10. Agents also discovered financial records inside of the safe relating to Southern Bancorp Bank and Planters Bank in Drew, Mississippi. These records were found in close proximity to a financial ledger inside of the safe. Based on the financial information found in the safe, agents applied for and obtained a search warrant for all accounts and safe deposit boxes held by Southern Bancorp Bank for the benefit of Bailey.

11. Agents discovered and seized the sum of $134,269.81 from a checking account held

in Bailey's name and discovered bulk U.S. currency in the amount of $399,700.00 in a safe deposit box held in Bailey's name. Agents observed that the cash in the safe deposit box was banded in a similar manner and in the same amounts as the currency found in the safe at Bailey's residence.

12. Based on the above facts, Plaintiff alleges that the Defendant property named herein constitutes one or more of the following: (1) money, negotiable instruments, securities or other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money, negotiable instruments, securities used or intended to be used to facilitate a violation of the Controlled Substances Act and is, therefore, subject to forfeiture to the United States of America under the provisions of 21 U.S.C. § 881(a)(6).

13. That pursuant to the provisions of 21 U.S.C. § 881(h), all right, title and interest in the Defendant property vested in the United States of America upon commission of the acts giving rise to forfeiture.

WHEREFORE, Premises considered, Plaintiff prays as follows:

(1) That a Warrant of Arrest in rem issue to the United States Marshals Service commanding them to seize the Defendant property;

(2) That notice issue according to the normal procedure of this Court and in accordance with 18 U.S.C § 983(a)(4)(A);

(3) That judgment of forfeiture be decreed against the Defendant property;

(4) That upon judgment of forfeiture, the United States Marshal dispose of the Defendant property in accordance with law;

(5)  For costs and for such other further relief to which Plaintiff may be justly entitled

        Respectfully submitted,

        CLAY JOYNER
        United States Attorney

By: /s/   SAMUEL D. WRIGHT
    SAMUEL D. WRIGHT
    Assistant United States Attorney
    Mississippi Bar No. 101425
    900 Jefferson Avenue
    Oxford, Mississippi 38655-3608
    Telephone: (662) 234-3351
    Fax: (662) 234-3318
    Samuel.Wright@usdoj.gov

## VERIFICATION

I, Samuel D. Wright, hereby verify and declare under penalty of perjury that I am an Assistant United States Attorney, and that I have read the foregoing *Verified Complaint For Forfeiture In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by federal and state law enforcement officers during their investigation of this case, and information that I have learned firsthand during my involvement in the investigation of this case.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: September 2, 2025

/s/ SAMUEL D. WRIGHT
SAMUEL D. WRIGHT
Assistant U.S. Attorney